IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| NEVILLE W. PARKER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 3:25-CV-85-WKW |
| | ) | [WO] |
| JIMMY ABBETT, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Plaintiff Neville W. Parker filed a *pro se* complaint pursuant to 42 U.S.C. § 1983, which was docketed on January 30, 2025. (Doc. # 1.) On February 19, 2025, the court ordered Plaintiff to either pay the $350.00 filing fee and $55.00 administrative fee or file an application to proceed *in forma pauperis* ("February 19 Order"). (Doc. # 2.) The February 19 Order warned Plaintiff as follows:

> Plaintiff must further notify the court and Defendants of any change in his address within ten (10) days following a change of address. Plaintiff is cautioned that his failure to comply with any portion of this Order shall, without further notice, result in dismissal for failure to prosecute and comply with the Order of the Court.

(Doc. # 2 at 2.) Thereafter, Plaintiff submitted an application to proceed *in forma pauperis* (Doc. # 4), but he subsequently paid the filing fee in full (Doc. # 5).

On September 4, 2025, the court acknowledged Plaintiff's payment of the filing fee and again cautioned Plaintiff that his failure to comply with any provision

of the Order (*e.g.*, by failing to provide a change of address) would result in dismissal for failure to prosecute and comply with the court's Order ("September 4 Order"). (Doc. # 7.)  By Order dated September 9, 2025 ("September 9 Order"), the court granted Plaintiff's motion for copies (Doc. # 6) and directed the Clerk of Court to send Plaintiff a courtesy copy of the docket sheet in this action and the receipt demonstrating that the court received Plaintiff's $405 filing fee (Doc. # 5).  On September 22, 2025, the courtesy copy of the docket sheet, the filing fee receipt (Doc. # 5), and the court's September 9 Order (Doc. # 8) were returned as undeliverable.

     Accordingly, Plaintiff has failed to comply with the portions of the February 19 and September 4 Orders directing him to notify the court of a change of address. Because Plaintiff has failed to comply with the court's Orders, his petition will be dismissed without prejudice.  A district court "may . . . dismiss a case under its inherent authority, which it possesses as a means of managing its own docket so as to achieve the orderly and expeditious disposition of cases." *McNair v. Johnson*, 143 F.4th 1301, 1306–07 (11th Cir. 2025) (cleaned up).  The authority of courts to impose sanctions for failure to comply with court orders and failure to prosecute is longstanding and acknowledged by Rule 41(b) of the Federal Rules of Civil Procedure.  *Link v. Wabash R. Co.*, 370 U.S. 626, 629–30 (1962); *see also Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (noting that "dismissal upon disregard

of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion" (citations omitted)).

A court's dismissal under its inherent authority "can be either with or without prejudice to refiling." *McNair*, 143 F.4th at 1306. Dismissal with prejudice as a sanction "is warranted only upon a 'clear record of delay or willful contempt and a finding that lesser sanctions would not suffice.'" *Mingo v. Sugar Cane Growers Co-Op of Fla.*, 864 F.2d 101, 102 (11th Cir. 1989) (per curiam) (emphasis omitted) (quoting *Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir. 1985)); *accord McNair*, 143 F.4th at 1306. "A dismissal *without* prejudice, by contrast, doesn't require a finding of willfulness or bad faith because its consequences are less severe." *McNair*, 143 F.4th at 1306.

Based on the foregoing, it is ORDERED that this action is DISMISSED without prejudice.

Final Judgment will be entered separately.

DONE this 30th day of September, 2025.

/s/ W. Keith Watkins
UNITED STATES DISTRICT JUDGE